I respectfully dissent. The propriety of a trial court's order of a substantial (here, perhaps, more accurately described as radical) remittitur of a jury's award of damages presents one of the most difficult issues for appellate review. Because there is no cross-appeal in this case, the factual resolution by the jury stands unchallenged. The Defendant was found guilty of inflicting intentional injury on the Plaintiff — the highest degree of culpable conduct known to the law of torts. It is not the $10,000 award of compensatory damages that is questioned, of course; rather, it is the $2 million award of punitive damages that presents a serious problem. By almost any reasonable subjective standard, this award is too high. The trial judge properly exercised his discretion to reduce it. By some unexplained method, he reduced the total award to $26,131. The $131 represented the physical property loss; but this amount was included within the jury's award of $10,000 compensatory damages. Does this, plus the size of the remittitur ordered, render the trial court's action an abuse of discretion as being totally arbitrary? And by what standard do we answer that question?
It is not a question of this Court's authority to alter the award as reduced by the trial court; rather, it is a question of should we alter it, and, if so, by what amount, using what yardstick? These are tough questions, but answering them is what we "hired on" for.
Personally, I feel that the jury verdict was excessive; but the amount by which the verdict was ruled excessive by the trial court was also excessive. I think we should have sought a consensus on this Court as to the appropriate award and thus given the Plaintiff the option to remit accordingly or suffer a new trial. I would have voted for leaving the jury's verdict of $10,000 for compensatory damages undisturbed and ordering a remittitur of $1,900,000 as to the punitive damages portion of the verdict, thus reducing the total award to $110,000.
TORBERT, C.J., concurs.